GERALDINE G. HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 2307-85.
United States Tax Court
T.C. Memo 1986-72; 1986 Tax Ct. Memo LEXIS 536; 51 T.C.M. (CCH) 487; T.C.M. (RIA) 86072; February 18, 1986. Geraldine G. Hall, pro se. Jose A. Bonau, for the respondent. COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rule 180. Respondent determined a deficiency in petitioner's Federal income tax for the year 1982 in the amount of $341. The sole issue for decision is whether petitioner is entitled to a deduction *537 for two-earner married couples when she was married but filed a separate return. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Baton Rouge, Louisiana, at the time the petition herein was filed. Petitioner was married to Claudius Hall at all times pertinent to this proceeding. Petitioner filed a timely Federal income tax return for 1982 as a married individual filing separately. On her return, petitioner claimed a "[d]eduction for a married couple when both work" in the amount of $987.16. Respondent disallowed the deduction, asserting that the deduction is only available to married individuals who file a joint return as required by section 221. We agree with respondent. Section 221 was enacted by Congress in order to alleviate the so-called "marriage penalty." This penalty results from the fact that generally current tax schedules provide higher rates of tax for married individuals filing separate or joint returns than for single taxpayers. Subject to certain limitations, section 221 provides a deduction from gross income for two-earner *538 married couples equal to ten percent of the lower earner's earned income. Congress, in enacting section 221, limited the scope of section 221 to joint returns. Section 221(a)(1) provides, in relevant part: (1) In General.--In the case of a joint return under section 6013 for the taxable year, there shall be allowed as a deduction an amount equal to 10 percent of the lesser of-- (A) $30,000, or (B) the qualified earned income of the spouse with the lower qualified earned income for such taxable year. [Emphasis supplied.] [2]
Section 6013 provides, in relevant part: "A husband and wife may make a single return jointly of income taxes * * *." Finally, Senate Report No. 97-144 (1981), relating to section 221 provides "[w]ith certain exceptions, two-earner married couples who file a joint return will be allowed a deduction from gross income in arriving at adjusted gross income." (Emphasis supplied.) 1981-2 C.B. 412, 417. The language in section 221 and the Committee report is clear and unambiguous. Congress chose to limit the utilization of *539 this deduction to married individuals filing a joint return. Petitioner did not file a joint return, therefore, respondent's determination is sustained. Petitioner, in her petition, asserts: "The I.R.S. is arbitrarily and discriminatorily interpreting and applying the laws so as to deny petitioner due process and equal protection of the law and the protection of the other constitutional provisions that she is entitled to as a citizen of the United States of America." Petitioner, in her testimony, argued the tax rate schedules which cause the marriage penalty are unfair. This Court has treated the issue of whether the marriage penalty is constitutional in Druker v. Commissioner,77 T.C. 867 (1981), affd. on this issue 697 F.2d 46 (2d Cir. 1982). In Druker, we rejected the taxpayer's claim that the rate schedules and other provisions which make up the marriage penalty are unconstitutional. With respect to petitioner's claim of arbitrary and discriminatory conduct by the Internal Revenue Service, the notice of deficiency is presumed to be correct, and petitioner has the burden of establishing error therein, including claims of arbitrary and discriminatory *540 conduct by respondent. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142. Petitioner presented no evidence to establish her claim, and we find her assertions wholly without merit. Whether or not the marriage penalty is unfair is an issue this Court cannot address. That question must be answered by Congress. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For the year 1982, section 221(a)(2) provided that the deduction is five percent instead of ten percent.↩